# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-10-CR-347(2) LY |
| | § | |
| LINDSEY ANN FAGLIE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on November 22, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On October 27, 2010, Judge Lee Yeakel sentenced the Defendant to a time served sentence, followed by three years of supervised release, for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. The Defendant commenced supervision that day, and began having problems shortly thereafter. She stopped living in her designated residence, and failed to report to the Probation Office in December 2010. She began a relationship with a convicted felon, and continued that relationship despite being directed to stop seeing him. Thus, the Defendant's conditions were modified to require that she reside at a halfway house for 180 days. Before commencing that stay, the Defendant then submitted several urine specimens that tested positive for cocaine, and marijuana.

No action was taken at that time, as the Defendant was about to begin her 180 stay at the halfway house. In July 2011, the Defendant's stay at the halfway house was extended for an additional 180 days, as she was still unemployed and did not have the resources to establish a residence. Finally, on September 22, 2011, the Defendant admitted to participating with two other residents in stealing items from another resident at the halfway house. On October 27, 2011, the Probation Office submitted its petition alleging violations for committing theft, failing to pay restitution, and failing to pay the special assessment. The undersigned authorized the issuance of a warrant that same day, and the Defendant was arrested on October 31, 2011.

On November 22, 2011, the Defendant and her attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the allegations against her.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against her, and had both a factual as well as a rational understanding of the proceedings against her.

2. The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charge against her or the consequences of her plea.

3. The Defendant received a copy of the Petition naming her, and she read it.

4. The Defendant understood the Petition and the charges against her, and had the opportunity to discuss the Petition and charges with her attorney.

5. The Defendant waived her preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant, to which the Defendant did not object.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of her statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of her supervised release by stealing from a resident at the halfway house, and by failing to make payments toward her restitution and special assessment.

III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 4 to 10 months of imprisonment. The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to time served, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of November, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE